1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

SHAWN VANELL PIPER,

              Defendant.

No. CR08-82RSL

ORDER GRANTING MOTION
TO REDUCE SENTENCE
BASED ON 2014 AMENDMENT
TO DRUG-QUANTITY
SENTENCING GUIDELINE
(AMENDMENT 782) PURSUANT
TO 18 U.S.C. § 3582

This matter comes before the Court on defendant's unopposed motion to reduce his sentence pursuant to 18 U.S.C. § 3582.  Dkt. # 832.  Having reviewed defendant's briefing and the relevant record, the Court finds as follows.

In August 2008, defendant Shawn Vanell Piper entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C).  Defendant pled guilty to one count of possession of crack cocaine with intent to distribute (under 21 U.S.C. §§ 841(a), 841(b)(1)(A)) and one count of felon in possession of a firearm (under 18 U.S.C. § 922(g)).  The parties agreed to a sentencing range of 156 to 204 months' imprisonment.  Dkt. # 258, ¶¶ 7–8.

At sentencing, the Court and the parties agreed that defendant's offense level under the United States Sentencing Guidelines corresponded to a recommended Guidelines range of 168 to

ORDER GRANTING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582

210 months' imprisonment.  Dkt. # 734 at 32.  Looking to the parties' plea agreement and the factors listed at 18 U.S.C. § 3553(a), the Court sentenced defendant to 156 months' imprisonment, plus five years of supervised release.  Dkt. # 734 at 40.

In November 2014, the United States Sentencing Commission reduced the recommended penalties for most drug offenses by lowering the offense levels on the 2D1.1 Drug Quantity Table.  The Sentencing Commission further established that this reduction could be applied retroactively through proceedings initiated under 18 U.S.C. § 3582(c)(2), which authorizes courts to reduce a previously imposed sentence in light of subsequent amendments to the Sentencing Guidelines.  Despite these developments, however, defendant was ineligible for resentencing under 18 U.S.C. § 3582(c)(2):  at the time, Ninth Circuit case law held that sentences imposed pursuant to Rule 11 plea agreements were not "based on" the Guidelines, and thus were not subject to modification under 18 U.S.C. § 3582(c)(2).  See United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012).

In June 2016, the Ninth Circuit overruled Austin and held that sentences imposed pursuant to Rule 11 plea agreements were, in fact, "based on" the Guidelines, and thus eligible for modification under 18 U.S.C. § 3582(c)(2).  United States v. Davis, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc).  Defendant moved to reduce his sentence in August 2016.  Dkt. # 832.  On October 21, 2016, the Court denied the government's request for a stay and re-noted defendant's motion to give the government an opportunity to respond on the merits.  Dkt. # 840.

The government has not opposed defendant's motion to reduce his sentence.  It has conceded that, under Davis, defendant "is legally eligible for a [18 U.S.C. § 3582(c)(2)] reduction," and that, per the amended Guidelines, defendant's new recommended range is 135 to 168 months.  Dkt. # 835 at 7.

ORDER GRANTING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582                                    -2-

1        Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582

2    (Dkt. # 832) is GRANTED.  The Court will contact the parties to schedule resentencing.

3

4        Dated this 21st day of November, 2016.

5

6                                         _____

7                                         Robert S. Lasnik
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER GRANTING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582              -3-